IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARMON DIXON-ROLLINS,<br><br>  Plaintiff,<br><br>v.<br><br>EAST POINT CITY, GEORGIA<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Plaintiff Carmon Dixon-Rollins ("Plaintiff" or "Sgt. Dixon-Rollins"), by and through undersigned counsel, and files her Complaint against Defendant the East Point City ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages for gender discrimination, equal pay violations and retaliation under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b), and 29 U.S.C. § 626(c)(1).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is a municipal corporation, and is a body corporate with the capacity to sue and be sued.

6.

Defendant may be served with the summons and Complaint by service on the city manager of the city at 2757 East Point Street, East Point, Georgia 30344

7.

Defendant is governed by and subject to the Equal Pay Act, 29 U.S.C. § 206(d) and § 215(a)(3).

8.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all times relevant to the claims brought in this case, Plaintiff was an "employee" of Defendant as defined under the EPA.

## FACTUAL ALLEGATIONS

9.

Sgt. Dixon-Rollins became a Police Officer in 1999 and served in Philadelphia, Pennsylvania, until her relocation to Georgia in 2014.

10.

On or about March 10, 2014, Sgt. Dixon-Rollins was hired by Defendant as a Police Officer.

11.

Defendant paid Sgt. Dixon-Rollins less than her male counterparts wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in working at the same rank or lower rank in the Police Department for equal work on jobs the

performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

12.

Sgt. Dixon-Rollins had more experience than many male officers who were promoted by Defendant in 2018 and who received higher pay accordingly.

13.

Defendant continues to discriminate against Sgt. Dixon-Rollins by paying her less than her male counterparts for the same or similar work.

14.

Sgt. Dixon-Rollins had complained about the pay disparity on various occasions during her employment with Defendant, including through an EEO complaint filed on or about September 28, 2020.

15.

Defendant retaliated against Sgt. Dixon-Rollins because of her protected opposition to unequal pay

16.

Defendant would not permit her to supervisor the officers under her supervision through the following actions:

a. Defendant encouraged/took no action to prevent police officers laughing at Plaintiff as she was delivering roll call. This happened on several occasions.

b. Plaintiff has recently been assigned to Administrative Sergeant, with the responsibility of picking up the duties previously performed by the Captains and Lieutenants on three separate shifts. When Plaintiff asked for a raise she was denied.

c. Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for discrimination and retaliation under the Equal Pay Act.

17.

Others outside the Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF THE EQUAL PAY ACT

18.

Plaintiff re-alleges paragraphs 1-17 as if set forth fully herein.

19.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing equal work.

20.

Plaintiff received substantially less base compensation than male officers of lower rank and/or with less experience than her, because of her sex.

21.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

22.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

**COUNT II:  RETALIATION IN VIOLATION OF THE EQUAL PAY ACT**

23.

Plaintiff re-alleges paragraphs 1-17 as if set forth fully herein.

24.

Defendant's actions, as detailed above, in engaging in the retaliatory actions against Plaintiff because of her protected activity (complaining to management about unequal pay and filing EEOC Charges) constitutes unlawful intentional retaluation in violation of the Equal Pay Act.

25.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

26.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or benefits and prejudgment interest thereon;

(c) Liquidated damages in an amount equal to her recovery under subparagraph (b) for Defendant's willful violation of the EPA;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)      Injunctive relief of restoration of pay and benefits and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      All other relief to which she may be entitled.

Respectfully submitted the 7th day of March, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Carmon Dixon-Rollins*

P.O. Box 530092
Atlanta, GA 30343
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com